WATSON, Justice,
concurs in the transfer and assigns the following reasons.
The trial court relied heavily on State v. Rowell[1] in protecting the alleged father of the minor from a blood test to determine paternity. Rowell decided that the regulations pertaining to blood alcohol tests do not provide sufficient assurance of accuracy to support a presumption of intoxication in a criminal proceeding. Although the admissibility of this blood test in a criminal proceeding was not at issue, the trial court here made an inappropriate analogy to the unstable testing involved in Rowell, supra. An unreliable chemical test used as evidence in a criminal prosecution cannot be equated with a stable blood test facilitating a civil decision on paternity.
Dept, of Social Services v. Thomas J.S., 100 A.D.2d 119, 474 N.Y.S.2d 322 (1984), held a similar law to be valid and noted that paternity statutes date back to the Elizabethan Poor Law of 1576. Courts have always recognized a strong public interest in assuring support of children by their parents rather than the community or state.
The trial court’s reasons for judgment stress the financial responsibilities accompanying fatherhood and the putative father’s property interests. The trial court erred in placing the alleged father’s property interests above the state’s interest in securing support for minor children.

. 517 So.2d 799 (La.1988).